SEALED

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

**FILED**

**September 5, 2025**

KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No. |
| FANGZHOU CHEN | ) |
| a.k.a. AMBER CHEN | )     3:25-MJ-886-BW |
| | ) |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ June 2025 _____ in the county of _____ Dallas _____ in the _____ Northern _____ District of _____ Texas _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2261A(2)(B) | Cyberstalking |
| 18 U.S.C. § 875(c) | Transmitting Threatening Communications in Interstate Commerce |

This criminal complaint is based on these facts:

See attached Affidavit of SA Chad James Rogers, FBI

☑ Continued on the attached sheet.

_____
*Complainant's signature*

SA Chad James Rogers, FBI
_____
*Printed name and title*

Agent sworn and signature confirmed via reliable electronic means, pursuant to Fed. R. Crim. P. 4.1.

Date: _____ September 5, 2025 _____

_____
*Judge's signature*

City and state: _____ Dallas, Texas _____

BRIAN MCKAY, U.S. Magistrate Judge
_____
*Printed name and title*

SEALED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

FANGZHOU CHEN                                    3:25-MJ-886-BW
     a.k.a. AMBER CHEN

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Chad James Rogers, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.     I make this affidavit in support of a criminal complaint charging Amber CHEN ("CHEN") with Cyberstalking in violation of Title 18 United States Code, Section 2261A(2)(B); and Transmitting Threatening Communications in Interstate Commerce in violation of Title 18 United States Code, Section 875(c).

2.     I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since January 2024.  I am currently assigned to a Counterterrorism unit at the North Texas Joint Terrorism Task Force ("NTJTTF") in Dallas, Texas.  In this capacity, I am responsible for investigating domestic terrorism cases, including, but not limited to, weapons of mass destruction violations, racially motivated acts of violence, sexually motivated acts of violence, militia/anti-government extremists, cyberstalking, and threats against persons.

3.     The facts in this affidavit come from my personal observations, my training and experience, and information obtained by me from other law enforcement officers, witnesses, and victims. This affidavit is intended to show merely that there is probable cause to believe that

1

CHEN has violated Title 18 U.S.C. § 2261A(2)(B), and Title 18 U.S.C. § 875(c).  As a result, I have not included each and every fact known to me regarding this matter.

### PROBABLE CAUSE

4.      In or about February 2025, FBI Dallas initiated an investigation into CHEN after learning that since March 2024, CHEN has submitted approximately 25 online tips to the FBI National Threat Operations Center ("NTOC"), none of which have been substantiated.  The tips regarded a variety of threats, including international and domestic terrorism, murder-for-hire, crimes against children, bank robbery, civil rights crimes, and election crimes.  CHEN's online tips resulted in multiple FBI Field Office's opening investigations.  At FBI Dallas, two separate investigations were opened in or about October 2024, and December 2024 as a result of CHEN's tips.

5.      On or about June 15, 2025, I was contacted by V1 via telephone.  V1 informed me that he and another Victim ("V2") were targets of CHEN's new online activity.  V1 lives in New York and V2 lives in California.  V1 is a partner at an international law firm.  V2 is an associate at an international law firm.

6.      On or about June 15, 2025, I learned that the FBI NTOC received another electronic tip from CHEN on or about June 15, 2025, at approximately 1:29 p.m.  In the tip, CHEN claimed that V1 is her brother and that he lived in Brooklyn, New York.  CHEN also stated that she lived in Addison, Texas.  CHEN stated that her and V1 communicated often by mail and email.  The substance of CHEN's tip stated that V2 was hiring a killer to murder her at Keller Springs Apartments in Addison, Texas.  I know from the investigation that CHEN entered into a lease at Keller Springs Apartments in Addison, Texas on or about November 26, 2024.

7.     On June 16, 2025, V1 provided me via email screenshots of posts from a social media account with UID 61573398312314 ("CHEN SOCIAL MEDIA ACCOUNT 1"). Examples of the posts from the Facebook account are provided below:

All posts were captured via screenshot on approximately June 15, 2025

(Redacted information include V1's name, V1's law firm name, and the client's name)



(Redacted information include V1's name)



(Redacted information include V1's name)



(Redacted information include V1's name)



5

(Redacted information include V1's name)



(Redacted information include V1's firm's name)



6



(Redacted information include V1's name)



(Redacted information include V1's name)

(Redacted information include V1's name)



8.      On June 17, 2025, V1 sent me via email an additional screenshot from CHEN

SOCIAL MEDIA ACCOUNT 1.  The post is provided below:

Post on June 17, 2025, at approximately 1:00 p.m. Eastern Time ("ET")
(Redacted information include V1's and V2's names and cities)



9.      On or about June 17, 2025, the Chief Security Officer for V2's law firm reported a tip to the FBI's NTOC regarding the post in paragraph 8 of this affidavit.

10.     On or about June 19, 2025, I received two emails from representatives at V1's law firm.  The first email contained a .pdf with a series of emails from an e-mail account belonging to CHEN to V1's work email address. The emails from CHEN were as follows:

a. Wednesday, June 18, 2025, at 12:48 a.m.: And leave the United States of America. By Friday, June 20, 2025, 11:59 PM. Never look back and never return.

b. Wednesday, June 18, 2025, at 1:02 a.m.: This is my last warning.

c. Wednesday, June 18, 2025, at 2:11 a.m.: If I ever see you anywhere around [V1's law firm] anywhere on earth, you will be eliminated on the spot.

d. Wednesday, June 18, 2025, at 12:40 p.m.: Leave the U.S. by June 20, 2025.

e. Wednesday, June 18, 2025, at 1:36 p.m.: Better start packing now, leave and never return to the States.

f. Wednesday, June 18, 2025, at 2:14 p.m.: Remember, 2 days left.

g. Wednesday, June 18, 2025, at 2:24 p.m.: Never joke around with your sister's life on the line with a copycat criminal. Okay? Friday.

h. Wednesday, June 18, 2025, at 2:39 p.m.: Friday. I need to see your flight arriving outside of the United States. And you never intend to come back. By 11:59 PM.

i. Thursday, June 19, 2025, at 12:27 a.m.: One day left.

11.    The second email contained screenshots from CHEN SOCIAL MEDIA ACCOUNT 1. Examples are provided below:

Observed and captured on June 19, 2025, at approximately 11:29 a.m. ET



Observed and captured on June 19, 2025, at approximately 11:29 a.m. ET



Observed and captured on June 19, 2025, at approximately 11:29 a.m. ET



Observed and captured on June 19, 2025, at approximately 11:29 a.m. ET
(Redacted information include V1's and V2's names)



12.     On or about June 19, 2025, an Emergency Disclosure Request ("EDR") was

submitted to the internet service provider for CHEN's e-mail address and it was identified that

CHEN's name is listed as the subscriber.  Additionally, a telephone number previously attributed

to CHEN through legal process was provided as a recovery telephone number.

13.     From June 15, 2025, to June 19, 2025, I learned from V1 and associates from his

law firm that V1 has been the subject of CHEN's harassment dating back to approximately

October of 2024.  V1 has never met CHEN in person and has never communicated with her.  The

recent online activity by CHEN has caused increased alarm to both V1 and his work associates.

V1's law firm has a team dedicated to monitoring CHEN's social media accounts.  On multiple

occasions by phone and email, V1 has expressed to me the fear he had for his safety and that of

his wife. V1's law firm provided V1 and his family with 24/7 private security as a result of

CHEN's activity.

14.     On or about June 24, 2025, a search warrant was issued in the United States

District Court for the Northern District of Texas for CHEN SOCIAL MEDIA ACCOUNT 1.

The responsive records for CHEN SOCIAL MEDIA ACCOUT 1 confirmed that CHEN is the

subscriber. CHEN SOCIAL MEDIA ACCOUT 1 is associated with four identifiers previously attributed to CHEN through legal process. Within those records I located every post from CHEN SOCIAL MEDIA ACCOUNT 1 referenced in paragraphs 7 and 8 of this affidavit.

15.     CHEN SOCIAL MEDIA ACCOUNT 1 is an interactive computer service, electronic communication service, or electronic communication system of interstate commerce.

## CONCLUSION

16.     Based on the foregoing, there is probable cause to believe that Amber CHEN, engaged in conduct in violation of Title 18 U.S.C. § 2261A(2)(B), and Title 18 U.S.C. § 875(c).

_____
Chad James Rogers
Special Agent
Federal Bureau of Investigation

Agent sworn and signature confirmed via reliable electronic means on this ___5th___ day of September 2025, pursuant to Fed. R. Crim. P. 4.1.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF TEXAS

14